Youngs, Respondent, vs. Johnson, Appellant.

*March 24 — April 12, 1892.*

*Contracts: Sawing of lumber: Measurement.*

By the terms of a written contract defendant was to pay for the sawing of certain logs " $4.25 per thousand feet, straight measure.   The saw bill to be determined by the number of thousand feet [defendant] realizes from the lumber.   If sold merchantable, or otherwise than straight measure, [defendant] shall pay said saw bill at straight measure."   The lumber was measured at the mill by defendant's agents, and delivered on board his vessels to be shipped to Chicago. *Held*, that defendant "realized" the lumber from his logs when it was so delivered on board his vessels, and that the saw bill was to be determined by the measurements then made, and not by the sales of the lumber afterwards made by defendant.

APPEAL from the Circuit Court for *Door* County.

In 1889 the firm of Youngs & Fetzer, of which the plaintiff was a member, was doing business in Door county. They carried on a store for the sale of general merchandise, a dock or pier for shipping purposes, and a saw-mill.   At the same time the defendant was carrying on a lumbering business there, and had quite extensive dealings with such firm.   The firm sawed a large amount of logs for defendant, and sold him certain lumber, a quantity of wood, and merchandise out of its store.   He also shipped lumber over its pier.   Defendant paid the firm large sums of money on account of such transactions, and sold it corn, oats, and

feed. Before the commencement of this action, Fetzer assigned to plaintiff all his interest in any accounts or claims of the firm against defendant. This action was brought to recover an alleged balance due the firm on account of such dealings.

The complaint contains five causes of action, as follows: (1) For dockage charges on lumber, wood, etc., shipped by defendant over the dock and pier of the firm, amounting to $225; (2) for the price of 140 cords of wood sold by the firm to defendant at $2.50 per cord, in all $350; (3) for 75,396 feet of oak lumber at $13.50 and 19,006 feet of cull oak lumber at $6 per 1,000 feet, amounting in all to $1,131.86; (4) for goods, board bills, cash, lumber, etc., sold, paid, and furnished by the firm to defendant, $514.76; and (5) for sawing logs for defendant to the amount of 1,398,768 feet, at the stipulated price of $4.25 per thousand feet, amounting to $5,944.76 in all. Payments on the sawing bill to the amount of $4,818.81 are admitted. Interest is demanded on the amount of each cause of action from the time the same accrued.

The defendant answered, admitting the assignment of the causes of action herein to the plaintiff by his partner, Fetzer, and denying that the firm sawed for him to exceed 921,000 feet of lumber. The answer also contains a general denial, and alleges payment by defendant of any balance due the firm. The answer also contains counterclaims as follows: (1) For defective sawing of the logs into lumber, $4,000; (2) for violation of defendant's instructions as to the kind of lumber into which the logs should be sawed, $400; (3) for overpayment for a quantity of basswood lumber purchased by defendant of the firm, $420; and (4) for feed, oats, corn, etc., sold and delivered to the firm, of the value of $132.63. The plaintiff interposed a general denial to each counterclaim.

The cause was tried by the court without a jury. The

court found for the plaintiff on all of the five causes of action alleged in the complaint, to the amount claimed therein. The court also found in favor of defendant on the last counterclaim for $132.63, and against him on his other counterclaims. Judgment was thereupon ordered and entered for the plaintiff for the aggregate of the sums thus found due on the several causes of action stated in the complaint, and interest thereon from the time they respectively accrued, being $3,720.06, less said last-mentioned counterclaim and interest thereon, amounting to $148.35. The defendant appeals from the judgment.

For the appellant there was a brief by *O. E. & Y. V. Dreutzer*, and oral argument by *Y. V. Dreutzer*.

For the respondent there was a brief signed by *F. J. Hamilton*, attorney, and stated to be by *Greene & Vroman*, of counsel, and the cause was argued orally by *C. E. Vroman*.

LYON, C. J. The defendant does not challenge the accuracy of the findings of the court sustaining the four causes of action first above mentioned. He does challenge, however, the accuracy of the finding in respect to the cause of action for sawing the logs. The controversy in this behalf turns mainly upon the construction to be given to the contract of the parties (which is in writing) concerning such sawing. The material part of the contract is as follows: "*Johnson* is to pay Youngs & Fetzer $4.25 per thousand feet, straight measure. The saw bill is to be determined by the number of thousand feet *Johnson* realizes from the lumber. If sold merchantable, or otherwise than straight measure, *Johnson* shall pay Youngs & Fetzer said saw bill at straight measure." The contention of defendant is that the amount of the lumber sawed is to be determined only by sales thereof made by defendant. The testimony tends to show that on the basis of such sales there was sawed only 921,000 feet. The circuit court

held that the saw bill was to be determined by the quantity in feet of lumber manufactured from defendant's logs by straight measure. We think the learned circuit court construed the contract correctly. The agreement is that the saw bill is to be determined by the number of thousand feet defendant " realizes from the lumber." The proof is that the lumber was measured at the mill by the agents of the defendant when it was delivered on board defendant's vessels to be shipped to him at Chicago. We are very clearly of the opinion that this delivery of the lumber to defendant fulfills the terms of the contract. That is to say, it determines the saw bill "by the number of thousand feet defendant realized from the lumber." The contract does not say that the saw bill shall be determined by the measurement of the lumber in Chicago when sold. The obvious meaning of the language employed is that the saw bill shall be determined by the number of thousand feet of lumber defendant realizes from the logs sawed. The subsequent provision is inserted, doubtless, to emphasize the provision for straight measure (which is favorable to plaintiff), and to bar any possible claim that a sale by grade should affect that rule of measurement. The defendant realized the lumber from his logs when it was delivered on board his vessels. We find nothing in the contract which indicates a contrary construction thereof. Moreover, it is the more reasonable view to take of the contract, to hold that the parties intended thereby that, whenever and wherever the lumber should be measured by the defendant and accepted by him, the amount of compensation for sawing the same should be determined by such measurement. This construction protects the firm and the plaintiff, in that the measurement made when the lumber was loaded on the vessels was in some degree subject to the inspection of the firm, and relieves the firm from the risk of loss resulting from transporting, grading,

and handling the lumber by others in the absence of the firm or its agents. The language of the contract does not negative the more reasonable construction suggested, and that construction ought to be preferred. For these reasons we think the court construed the contract correctly.

This leaves but little to be said on the subject of the quantity of lumber sawed. The testimony is very conflicting, but that on the part of plaintiff, if true (and the trial court found it to be true), proves that the firm sawed for defendant the amount of lumber found by the court. Hence, we cannot disturb the finding in that behalf.

The claim is made by the learned counsel for defendant that four drafts drawn on him by his agent in Door county, in favor of plaintiff, dated February 9, 1889, aggregating $749.74, and paid by defendant, also a bank check for $50 given by defendant to plaintiff (date not stated), should have been allowed defendant on the saw bill, but were not so allowed. The plaintiff testified, contrary to the testimony of defendant, that the proceeds of the four drafts were applied on store account for merchandise. The court believed the plaintiff. We find no testimony, one way or the other, showing for what, or on what account, the $50 check was given. In the absence of such proof, there is no presumption that it was a payment on the saw bill. We cannot disturb the findings based upon plaintiff's testimony, which fully supports them.

Neither can we disturb the findings upon the rejected counterclaims of the defendant. There is abundant testimony, if the same is true, to prove that the logs of defendant were properly sawed by the firm, in accordance with defendant's instructions, and that there was no overpayment on account of the purchase by defendant of the basswood lumber. The circuit court believed this testimony to be true, notwithstanding there was much testimony to the contrary, and based its findings and judgment

upon it. The law does not permit this court to disturb them.

*By the Court.*—The judgment of the circuit court is affirmed.